**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION**

**NADIA MARY METROKA,**
Plaintiff,

Case No.:

v.

**ABDUL EL-SAYED, GRETCHEN WHITMER as GOVERNOR,**
Defendant.
______________________________/

Case: 4:26−cv−14272
Assigned To : Kumar, Shalina D.
Referral Judge: Altman, Kimberly G.
Assign. Date : 11/9/2026
Description: CMP METROKA V. EL−SAYED ET AL (NA)

## COMPLAINT FOR DECLARATORY RELIEF

28 U.S.C. §§ 1331, 2201–2202

## QUESTIONS:

1) **DOES ONE STATE'S DESIGNATION OF AN ORGANIZATION AS BEING A TERRORIST ORGANIZATION REQUIRE OTHER STATES TO MAKE THE SAME DESIGNATION;**
2) **DOES THE RECEIPT OF FUNDING FROM A DESIGNATED TERRORIST ORGANIZATION BY A CANDIDATE IN PURSUIT OF OBTAINING POLITICAL OR GOVERNMENT OFFICE DISQUALIFY A SUCCESSFUL CANDIDATE FROM ASSUMING OFFICE**

## I. NATURE OF THE ACTION

1. Plaintiff, a Florida resident and United States citizen, seeks declaratory relief concerning the constitutional obligations of interstate recognition of Florida state designated terrorist organizations and the legal consequences of political financing involving organizations designated as domestic terrorist organizations.

2. This action presents the question whether Article IV, Section 1 of the United States Constitution requires a federal court sitting in Michigan to recognize and give legal effect to Florida's official domestic-terrorist-organization designations[1].

3. Plaintiff also seeks a determination of whether specific financial transactions or unlawful coordination involving those designated terrorist organizations violate federal law or have a legally cognizable effect upon eligibility for federal, state, and local office.

4. Members of Congress exercise legislative authority affecting residents of every state. Plaintiff contends that this national authority makes the constitutional treatment of interstate governmental determinations a question of substantial importance.

## II. PARTIES, JURISDICTION, AND VENUE

**5.** Plaintiff Nadia Mary Metroka is a United States citizen residing in Florida.

**6.** Defendant Abdul El-Sayed won Michigan's November 3, 2026, election to the United States Senate.

**7.** Defendant Gretchen Whitmer is the Governor of the State of Michigan and is sued in her official capacity.

**8.** Plaintiff invokes 28 U.S.C. § 1331 and seeks declaratory relief under 28 U.S.C. §§ 2201–2202.

**9.** Venue is proper under 28 U.S.C. § 1391(b).

[1] One of the features of being a state that is part of the United States is the agreement amongst the states that they will trust each other and give each other credit (aka the full faith and credit clause). The state of Florida has put time, energy, and resources into this, thereby allowing other states to save time, energy, and resources having to do same. The state of Michigan is permitted and even required to trust that the state of Florida did their due diligence pursuant to the full faith and credit clause.

## III. STANDING

**10.** Plaintiff is a natural-born citizen of the United States of America, a taxpayer, and a resident of the United States. Plaintiff has worked throughout her life and continues to pursue employment, financial independence, and the opportunity to build a secure and fulfilling life in her country.

**11.** Plaintiff has a substantial personal interest in protecting her constitutional rights, individual liberties, personal safety, economic security, and freedom from unlawful government interference.

**12.** As an American citizen, Plaintiff is subject to the laws enacted by the United States Congress. Those laws directly govern and affect numerous aspects of Plaintiff's life, including her employment opportunities, financial obligations, taxation, personal freedoms, and constitutional protections. Plaintiff is legally obligated to comply with applicable federal laws and may face civil or criminal penalties for violations.

**13.** It is wholly reasonable to deduce that individuals who obtain congressional office through unlawful financial support from organizations designated as terrorist organizations will use their legislative authority to advance the interests of those organizations rather than the interests of the American people. Those organizations and the American people are diametrically opposed.

**14.** Plaintiff contends that, where unlawful campaign financing creates obligations or improper influence over an elected official, the resulting legislative decisions threaten the rights, liberties, safety, and economic well-being of the citizens subject to those laws, including Plaintiff.

**15.** Plaintiff further contends that allowing individuals to obtain governmental authority through prohibited financing undermines public confidence in representative government and raises serious questions concerning the integrity of the legislative process.

**16.** Plaintiff seeks judicial intervention to determine whether the constitutional and statutory protections governing elections, public office, and prohibited financial support provide remedies against individuals whose acquisition of governmental authority is established to have involved unlawful financing by designated terrorist organizations.

**17.** Plaintiff maintains that American citizens have a fundamental interest in ensuring that the laws governing their lives are enacted through constitutionally legitimate governmental processes, free from unlawful corruption and prohibited foreign or domestic influence.

**18.** Plaintiff therefore requests declaratory relief concerning the legal questions presented and appropriate injunctive relief to the extent authorized by applicable law.

## IV. FLORIDA'S OFFICIAL DESIGNATIONS

19. On September 29, 2026, Florida's Governor and Cabinet approved the designation of CAIR-Foundation, Inc. and CAIR-Florida, Inc. as domestic terrorist organizations pursuant to Florida law.

20. On November 4, 2026, the United States District Court for the Northern District of Florida declined to preliminarily enjoin those designations while granting limited relief concerning legal services. *CAIR-Foundation, Inc. v. DeSantis*, No. 4:26-cv-521, ECF No. 65.

21. The designations became effective November 5, 2026.

22. Plaintiff contends that these official governmental determinations must receive full faith and credit from the Governor of Michigan and the Courts in Michigan.

## V. FULL FAITH AND CREDIT

23. Article IV, Section 1 of the United States Constitution requires full faith and credit to be given to the public acts, records, and judicial proceedings of other states.
24. Congress implemented interstate-recognition requirements through 28 U.S.C. § 1738.
25. Plaintiff asserts that Florida's official domestic-terrorist-organization designations require recognition by this Court and the Governor under the Full Faith and Credit Clause.
26. Plaintiff further contends that the nationwide legislative authority of members of Congress makes the recognition issue particularly consequential to Florida residents.
27. Plaintiff seeks a judicial determination concerning the obligation of the governor and a federal court sitting in Michigan to recognize and give legal effect to Florida's designations.

## VI. DOCUMENTED POLITICAL FINANCING

28. Federal Election Commission records identify the Unity & Justice Fund, Committee C00881011, as an independent-expenditure-only political committee.
29. Published compilations of its FEC disclosures report approximately $185,000 in contributions from CAIR Action during the 2025–2026 election cycle.
30. The committee reported independent political expenditures supporting Defendant Abdul El-Sayed's candidacy.
31. The documented financial relationship identifies CAIR Action as a contributor, the Unity & Justice Fund as recipient, and independent political spending supporting Defendant.
32. CAIR Action identifies itself as affiliated with the Council on American-Islamic Relations.
33. Upon information and belief, reported expenditures by the Unity & Justice Fund also supported other candidates, including Adam Hamawy (he attended a conference on

supporting Jihad, in Detroit Michigan in the 90s, with the Blind Sheikh – a man convicted of terrorists acts and currently serving life in prison. Three decades later and Michigan has elected a terrorist funded candidate), Donavan McKinney, Nida Allam, Cori Bush, Aisha Wahab, and Don Leonard.

34. Upon information and belief, each person[2] conspired with the subject terrorist funded organization (the terrorist organization providing and the subject person receiving the funding) for purposes of interfering with elections and obtaining political position/office that brings with it the ability to impact laws in a manner that aligns with the interests of designated terrorist group, not American citizens. Plaintiff is bringing declaratory and injunctive relief actions in each state where a successful candidate was backed by terrorist funding.

35. Plaintiff contends that any campaign funding involving prohibited foreign sources, concealed donors, or unlawful coordination must be evaluated under 52 U.S.C. §§ 30121, 30122, 30118, and 30116, and 11 C.F.R. §§ 110.20 and 109.21 and the following caselaw.

## VII. JUDICIAL PRECEDENTS CONCERNING CORRUPT POLITICAL FINANCING, REMOVAL FROM OFFICE, AND CRIMINAL PENALTIES

36. Federal and state proceedings demonstrate that bribery, corrupt campaign financing, unlawful political agreements, and abuses of public office results in criminal convictions, imprisonment, removal from office, and/or professional discipline. The subject matter

[2] When each candidate accepted said funding did they think that doing so did not come with conditions that they will support said terrorist organizations' efforts in making laws that negatively impact American citizens and directly benefit said terrorist organization? Imagine receiving funds from the mafia thinking that the mafia does not want a return on their investment – one would get killed by the mafia. It's ludicrous to think that the candidates accepted said funding with the intention that upon obtaining office they would conduct themselves in a manner that benefits American citizens.

being pertinent/significant as it involves people coordinating with terrorist organizations for purposes of obtaining office.

37. In *United States v. Householder*, Nos. 23-3565/3566 (6th Cir. May 6, 2025), the Sixth Circuit affirmed convictions arising from a conspiracy involving nearly $60 million in payments connected to passage of legislation benefiting an energy company. Evidence established that funds were used to help Larry Householder obtain political power and secure the speakership of the Ohio House of Representatives.

38. Householder was expelled from the Ohio House in June 2021, before his criminal trial. Following conviction, he was sentenced to imprisonment. The proceedings establish that a corrupt political-financing arrangement must receive both criminal punishment and separate institutional consequences.

39. In *United States v. Traficant*, 368 F.3d 646 (6th Cir. 2004), the Sixth Circuit affirmed the conviction and sentence of former United States Representative James Traficant for corruption-related offenses. He allegedly received over $160,000 from organized crime figures (a terrorist organization is organized crime). Traficant had been expelled from the House of Representatives following his convictions.

40. *Householder* and *Traficant* are particularly relevant because both were decided within the Sixth Circuit, whose precedents govern this Court.

41. Former Illinois Governor Rod Blagojevich was impeached and removed from office in January 2009, before his federal conviction involving unlawful campaign contributions. In 2021, he filed a federal lawsuit challenging his removal and lifetime ban that was dismissed in 2024.

42. In the prosecution of former Congressman Mark Siljander, federal authorities established offenses involving obstruction of justice and unregistered advocacy for the Islamic American Relief Agency, an organization designated under federal terrorism-related sanctions.

43. Siljander pleaded guilty and was sentenced to imprisonment. He was no longer serving in Congress when the relevant conduct occurred. His case demonstrates the criminal consequences of specific unlawful transactions involving an organization subject to terrorism-related federal restrictions.

44. In the prosecution of Russell S. Adler, a Florida attorney was convicted of conspiracy to violate federal election-finance laws and defraud the United States through unlawfully reimbursed campaign contributions. Adler received a thirty-month prison sentence and was removed from the Florida Bar.

## XIII. PUBLIC STATEMENTS AND REQUEST FOR COURTROOM SAFEGUARDS

45. Plaintiff believes that Defendant Sayed is a dangerous individual that is ready, willing, and able to resort to acts of violence in pursuit of obtaining his desired outcome. In support of Plaintiff's concern, Plaintiff brings to the Court's attention some but not all publicly reported statements attributed to Defendant that have prompted concerns about Defendant Sayed's propensity and willingness to use threats of physical violence and intimidation.

    1. During an August 2025 political speech, Defendant reportedly stated: "We take them to the mud and choke them out."
    2. During a 2026 interview, Defendant reportedly stated: "I won't start the fight, but I'll end it."
    3. During an October 2026 interview, Defendant described having been: "the kid in AP classes of getting suspended for fighting."
    4. During a September 2026 discussion concerning Bill Maher, Defendant referred to Maher getting: "his ass whooped on his own show."

46. Plaintiff has difficulty hearing via zoom but will make extra accommodations and respectfully requests permission to appear remotely by videoconference for hearing.

47. If the Court requires an in-person hearing, Plaintiff requests consideration of appropriate courtroom security, including additional deputies.

## VIV. QUESTIONS PRESENTED

48. Plaintiff respectfully seeks determination of the following questions:

a. Whether Article IV, Section 1 requires the state Governor and a federal court sitting in Michigan to recognize and give legal effect to Florida's official domestic-terrorist-organization designations;

b. Whether a successful candidate that received funding from a designated terrorist group is permitted to lawfully assume political/government office;

## X. REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF

49. Plaintiff alleges that relief is urgently needed because Defendant is scheduled to assume office, exercise legislative authority, and will receive access to sensitive, nonpublic government information. Plaintiff contends that the alleged unlawful campaign financing warrants resolution before Defendant exercises those powers.

50. Plaintiff is a Christian, American, Caucasian woman who seeks to protect her religious freedom, individual liberties, and right to equal treatment under the law. Plaintiff reasonably believes that the alleged unlawful financial influence will lead Defendant to support legislation that discriminates against her based on nation of origin, religion, race, and/or sex in favor of legislation that aligns with the goals of designated terrorist organization. This will lead to harm that requires Plaintiff to file endless litigation while having to endure said discrimination or worse. Plaintiff further contends that disclosure of sensitive government information to a person that received campaign funding from a

terrorist group will result in irreparable harm to the Plaintiff and the safety and security of our nation because terrorist organizations do not fund efforts for purposes of benefitting the American people.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

51. Determine if the Full Faith and Credit Clause requires the Governor of Michigan and the Courts in Michigan to declare CAIR a terrorist organization pursuant to sister state Florida's state designation;
52. Determine whether reliance upon funding from designated terrorist organizations violates state and federal laws that exist for purposes of serving the American public;
53. Determine whether a person who relied on funding from a terrorist organization in pursuit of obtaining political/government position may lawfully assume said office;
54. To the extent permitted by law and upon satisfaction of the requirements for injunctive relief, issue a preliminary injunction preventing Defendant Abdul El-Sayed from assuming office as a United States Senator and from accessing classified information, confidential briefings, or other nonpublic information made available by virtue of that office while this action is pending;
55. Upon a final determination establishing a lawful basis for that relief, make the injunction permanent;
56. Permit Plaintiff to participate remotely in hearings with appropriate accommodations for her hearing difficulties or, if an in-person appearance is required, provide appropriate courtroom security; and
57. Award allowable costs and any other relief the Court is authorized to grant.

Respectfully submitted,

**Nadia Mary Metroka**
Plaintiff, *Pro Se*
400 SW 1st Avenue,
Unit 1111
Ocala Florida 34478
NadiaMaryMetroka@gmail.com

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Nadia Mary Metroka

**(b)** County of Residence of First Listed Plaintiff Marion, Florida
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Nadia Mary Metroka, pro se
400 SW 1st Avenue, Unit 1111, Ocala, FL 34478
305-906-2704 | NadiaMaryMetroka@gmail.com

## DEFENDANTS

Abdul El-Sayed; Gretchen Whitmer, Governor (official capacity)

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [X] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
U.S. Const. art. IV, sec. 1; 28 U.S.C. 1738, 2201-2202

Brief description of cause:
Declaratory and injunctive relief concerning alleged campaign funding and officeholding.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Nonmonetary

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

- [ ] Yes
- [x] No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

- [ ] Yes
- [x] No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

Notes :